USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Robert Birch,

          *Defendant.*

Protective Order

23 Cr. 563 (LAK)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, including child victims and witnesses as defined in 18 U.S.C. § 3509, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, including child victims and witnesses as defined in 18 U.S.C. § 3509, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed APO Material and Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media. Subject to the restrictions described herein, this provision shall not prevent the filing of any Disclosure Material for purposes of any judicial proceeding in this action.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel employed by or retained by counsel for purposes of defending this action;

    c. Potential witnesses (including non-testifying witnesses) for purposes of defending this action, and counsel for such witnesses;

    d. Professional vendors, meaning any persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits, presentations or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

e. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

f. Such other persons as hereafter may be authorized by the Court.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by any defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

9. Disclosure Material that discloses the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a further Order of the Court, pursuant to 18 U.S.C. § 3509(d)(2). All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and, as applicable, 18 U.S.C. § 3509.

## Other Provisions

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

4

11. The Government may designate Disclosure Material, in whole or in part, as Sealed Material, APO Material, or AEO Material by (i) communicating such designation in writing to defense counsel by letter or email, or by (ii) labeling such Disclosure Material as "Sealed Material," "APO Material," or "AEO Material." In the event of any dispute as to the Government's designation of particular Disclosure Material as Sealed Material, APO Material, or AEO Material, the parties shall meet and confer regarding such dispute, without prejudice to a subsequent application by the Government enforcing its designation of such material by the Court as protected. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to designated persons to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any designated persons in Paragraph 2, defense counsel shall

make reasonable efforts to seek the return or destruction of such materials.

### Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

By:  /s/                                       Date: November 7, 2023
Jamie E. Bagliebter
Elizabeth A. Espinosa
Assistant United States Attorneys


                                               Date: 11/7/2023
Jeffrey Lichtman, Esq.
Jeffrey Einhorn, Esq.
Counsel for Robert Birch

SO ORDERED:

Dated: New York, New York
       11/8/23

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

6